UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC. | ) | CASE NO. |
| EMI BLACKWOOD MUSIC INC. | ) | |
| STONE DIAMOND MUSIC CORP. | ) | JUDGE |
| LINDSEYANNE MUSIC CO., INC. | ) | |
| THE MUSIC FORCE | ) | |
| EMI VIRGIN SONGS, INC. d/b/a | ) | |
| EMI LONGITUDE MUSIC | ) | |
| FIVE FOR FIGHTING MUSIC | ) | |
| SONGS OF UNIVERSAL, INC. | ) | |
| ESCATAWPA SONGS | ) | |
| 7 World Trade Center | ) | |
| 250 Greenwich Street | ) | |
| New York, New York 10007 | ) | |
| | ) | COMPLAINT |
|        Plaintiffs | ) | |
| | ) | |
|        v. | ) | |
| | ) | |
| LEVIS COMEDY, LLC d/b/a | ) | |
| FAT FISH BLUE | ) | |
| c/o Patricia G. Lyden, Statutory Agent | ) | |
| 5470 S. Main Street, Suite 300   ) | | |
| Sylvania, Ohio 43560 | ) | |
| | ) | |
| STEVE ZAMGORSKY | ) | |
| c/o FAT FISH BLUE | ) | |
| 6140 Levis Commons Blvd. | ) | |
| Perrysburg, Ohio 43551-7268 | ) | |
| | ) | |
| MITCH KUTASH | ) | |
| c/o FAT FISH BLUE | ) | |
| 6140 Levis Commons Blvd. | ) | |
| Perrysburg, Ohio 43551-7268 | ) | |
| | ) | |
| LARRY. B. DILLIN | ) | |
| c/o FAT FISH BLUE | ) | |
| 6140 Levis Commons Blvd. | ) | |
| Perrysburg, Ohio 43551-7268 | ) | |
| | ) | |
|        Defendants | ) | |

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows on knowledge as to Plaintiffs, otherwise, on information and belief):

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 7.5 million copyrighted musical compositions (the "BMI Repertoire"), including those that are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions that are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff EMI Blackwood Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Stone Diamond Music Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Lindseyanne Music Co., Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff The Music Force is a sole proprietorship owned by Henry Grumpo Marx. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Five For Fighting Music is a sole proprietorship owned by John Ondrasik. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Escatawpa Songs is a partnership owned by Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts, and Christopher Lee Henderson. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Defendant Levis Comedy, LLC is a limited liability company organized and existing under the laws of the State of Ohio that operates, maintains and controls an establishment known as Fat Fish Blue, located at 6140 Levis Commons Boulevard, Perrysburg, Ohio 43551-7268, in this district (the "Establishment").

14. In connection with the operation of the Establishment, Defendant Levis Comedy, LLC publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant Levis Comedy, LLC has a direct financial interest in the Establishment.

16. Defendant Steve Zamgorsky is a member of Defendant Levis Comedy, LLC, with responsibility for the operation and management of that limited liability company and the Establishment.

17. Defendant Steve Zamgorsky has the right and ability to supervise the activities of Defendant Levis Comedy, LLC and has a direct financial interest in that limited liability company and the Establishment.

18. Defendant Mitch Kutash is a member of Defendant Levis Comedy, LLC, with responsibility for the operation and management of that limited liability company and the Establishment.

19. Defendant Mitch Kutash has the right and ability to supervise the activities of Defendant Levis Comedy, LLC and has a direct financial interest in that limited liability company and the Establishment.

20. Defendant Larry B. Dillin is a member of Defendant Levis Comedy, LLC, with responsibility for the operation and management of that limited liability company and the Establishment.

21. Defendant Larry B. Dillin has the right and ability to supervise the activities of Defendant Levis Comedy, LLC and has a direct financial interest in that limited liability company and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

22. Plaintiffs repeat and reallege each of the allegations contained in Paragraphs 1 through 21.

23. Plaintiffs allege five (5) claims of copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

24. Attached hereto and incorporated herein as Exhibit A is a Schedule identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

25. For each musical composition identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

26. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

27. For each work identified on the Schedule, on the date(s) listed on Line 7, BMI

was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

28.   For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

29.   The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs demand that:

A.   Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502;

B.   Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. § 504(c);

C.   Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. § 505; and

D.   That Plaintiffs have such other and further relief as is just and equitable.

s/ *Ronald H. Isroff*
Ronald H. Isroff (0021930)
ULMER & BERNE LLP
Skylight Office Tower
1660 W. 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
Tel (216) 583-7000
Fax (216) 583-7001
risroff@ulmer.com

Attorney for Plaintiffs

CLEV1997 1999827v1
11986.00103